1  **ZANDRA L. LOPEZ**
   California Bar No. 216567
2  427 C Street, suite 300
   San Diego, Ca. 92101
3  619.233.3169, ext. 17
   fax: 619.684.3522
4  zll@zandralopezlaw.com

5

6  Attorney for **Mr. Ricardo Flores**

7

8                   UNITED STATES DISTRICT COURT

9                SOUTHERN DISTRICT OF CALIFORNIA

10                **(HONORABLE JOHN A. HOUSTON)**

11

12  UNITED STATES OF AMERICA,        )   CASE NO.  07CR3471-JAH
                                     )
13          Plaintiff,               )   DATE:      January 22, 2008
                                     )   TIME:        8:30 a.m.
14  v.                               )
                                     )   STATEMENT OF FACTS AND
15  RICARDO FLORES                   )   MEMORANDUM OF POINTS AND
                                     )   AUTHORITIES IN SUPPORT OF
16          Defendant.               )   DEFENDANT'S MOTIONS
                                     )
17                                   )
                                     )
18  _____    _____

19

20                              **I.**

21                   **STATEMENT OF FACTS**[1]

22          On November 4, 2007, agents arrested Mr. Flores at the Otay Mesa Port of Entry

23  on suspicion of illegal reentry.

24          On December 27, 2007, the government secured a three count indictment against

25  Mr. Flores.  In this three-count indictment, the government has charged Mr. Flores with

26

27  _____

28      [1]Facts referred to in this memorandum are based on information provided by the government.
    Mr. Flores does not admit their accuracy and reserves the right to challenge them.

attempted entry after deportation under 8 U.S.C. Section 1326, unlawful possession of identification document under 18 U.S.C. Section 1028(a), and fraud and misuse of entry document under 18 U.S.C. Section 1546(a).

## II.

## MOTION TO COMPEL DISCOVERY/PRESERVE EVIDENCE

Mr. Flores requests the following discovery. His request is not limited to those items of which the prosecutor is aware. It includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies." See United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989).

(1) Brady Information. The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case. Under Brady v. Maryland, 373 U.S. 83 (1963), impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused. United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976).

(2) Any Proposed 404(b) Evidence. The government must produce evidence of prior similar acts under Fed. R. Crim. P. 16(a)(1) and Fed. R. Evid. 404(b) and any prior convictions which would be used to impeach as noted in Fed. R. Crim. P. 609. In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature" of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. The defendant requests notice two weeks before trial to give the defense time to investigate and prepare for trial.

(3) Request for Preservation of Evidence. The defendant requests the preservation of all physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events

07cr3353

leading to the arrest in this case.  This request includes, but is not limited to, the results of any fingerprint analysis, the defendant's personal effects, and any evidence seized from the defendant or any third party.

(4) <u>Defendant's Statements</u>.  The defendant requests disclosure and production of all statements made by the defendant.  This request includes, but is not limited to, the substance of any oral statement made by the defendant, Fed. R. Crim. P. 16(a)(1)(A), and any written or recorded statement made by the defendant.  Fed. R. Crim. P. 16(a)(1)(B)(i)-(iii).

(5) <u>Tangible Objects</u>.  The defendant seeks to inspect and copy as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to the defendant.  Fed. R. Crim. P. 16(a)(1)(E).

(6) <u>Expert Witnesses</u>.  The defendant requests the name, qualifications, and a written summary of the testimony of any person that the government intends to call as an expert witness during its case in chief.  Fed. R. Crim. P. 16(a)(1)(G).

(7) <u>Witness Addresses</u>.  The defendant requests access to the government's witnesses.  Counsel requests a witness list and contact phone numbers for each prospective government witness.  Counsel also requests the names and contact numbers for witnesses to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will <u>not</u> be called as government witnesses.

(8) <u>Jencks Act Material</u>.  The defendant requests production in advance of trial of material discoverable under  the Jencks Act, 18 U.S.C. § 3500.  Advance production will avoid needless delays at pretrial hearings and at trial.  This request includes any "rough" notes taken by the agents in this case.  This request also includes production of transcripts of the testimony of any witness before the grand jury.  <u>See</u> 18 U.S.C. § 3500(e)(1)-(3).

07cr3353

(9)  <u>Informants and Cooperating Witnesses</u>.  The defendant requests disclosure of the name(s), address(es), and location(s) of all informants or cooperating witnesses used or to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime charged.  <u>Roviaro v. United States</u>, 353 U.S. 52, 61-62 (1957).  The government must disclose any information derived from informants which exculpates or tends to exculpate the defendant.  <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).  The government must disclose any information indicating bias on the part of any informant or cooperating witness.  <u>Id.</u>

(10)  **Specific Request**.  Mr. Flores specifically requests the opportunity to view his "A-File."

(11)  <u>Residual Request</u>.  The defendant intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States.

### III.

### LEAVE TO FILE FURTHER MOTIONS

Mr. Flores and defense counsel have received approximately 83 pages of discovery in this case.  As new information surfaces – via further discovery provided by government, defense investigation, or an order of this court – the defense may need to file further motions, or to supplement existing motions.  Defense counsel requests leave to file further motions.

//

//

//

//

//

//

4

07cr3353

1

2                                  **IV.**

3                            **CONCLUSION**

4        Mr. Flores requests that this Court grant his motions.

5
                                    Respectfully submitted,
6
                                    _//s//   Zandra L. Lopez_
7
Dated: January 15, 2008            **ZANDRA L. LOPEZ**
8                                  Attorney for Mr.Flores

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                    5                          07cr3353