KAREN P. HEWITT
United States Attorney
JOSEPH J.M. ORABONA
Assistant U.S. Attorney
California State Bar No. 223317
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7736
Facsimile: (619) 235-2757
Email: joseph.orabona@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Case No. 07CR3471-JAH |
| Plaintiff, ) | Date: January 22, 2008 |
| ) | Time: 8:30 a.m. |
| v. ) | The Honorable John A. Houston |
| ) | |
| RICARDO FLORES, ) | **UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS TO** |
| Defendant. ) | |
| ) | **1)  COMPEL DISCOVERY; AND** |
| ) | **2)  FOR LEAVE TO FILE FURTHER MOTIONS** |
| ) | |
| ) | **TOGETHER WITH STATEMENT OF FACTS, MEMORANDUM OF POINTS AND AUTHORITIES** |
| _____ ) | |

The plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Joseph J.M. Orabona, Assistant United States Attorney, hereby files its Response in Opposition to Defendant's above-referenced Motions. This Response in Opposition is based upon the files and records of the case, together with the attached statement of facts and memorandum of points and authorities.

**I**

**STATEMENT OF THE CASE**

On December 27, 2007, a federal grand jury in the Southern District of California returned a three-count Indictment charging Ricardo Flores ("Defendant") with one count of being a deported alien found in the United States, in violation of 8 U.S.C. § 1326 (a) and (b), one count of unlawful possession of identification documents, in violation of 18 U.S.C. § 1028(a), and one count of fraud and misuse of an entry document, in violation of 18 U.S.C. § 1546(a).  On December 28, 2007, Defendant was arraigned on the Indictment and pled not guilty.  The court set a motion hearing and trial setting for January 22, 2008.  On January 16, 2008, Defendant filed the above captioned motions. The United States files the following response.

**II**

**STATEMENT OF FACTS**

**A.    OFFENSE CONDUCT**

On November 4, 2007, at approximately 10:21 p.m., Defendant attempted to enter the United States from Mexico through the Otay Mesa Port of Entry as a passenger in a tan, 2007 Nissan Altima with Arizona license plate number 332XBY.  Defendant presented a counterfeit Permanent Resident Card, Form I-551, bearing the name "Ricardo Flores" and a counterfeit State of Arizona driver's license bearing the name "Ricardo Flores" to a Border Patrol Agent as proof of admissibility.

In the secondary inspection area, a routine records check, using fingerprint and photograph comparison, revealed that Defendant is a citizen and national of Mexico with no right to enter or reside in the United States.  Border Patrol Agents arrested Defendant.

On November 5, 2007, at approximately 3:20 a.m., Defendant was advised of his <u>Miranda</u> rights, and Defendant stated he understood his <u>Miranda</u> rights, agreed to waive those rights, and speak with agents without the presence of an attorney.  Defendant admitted he was a citizen of Mexico and was born in Juarez, Chihuahua, Mexico.  Defendant admitted he did not have any documents to enter or reside in the United States.  Defendant admitted he presented a counterfeit Permanent Resident Card and a counterfeit Arizona driver's license to Border Patrol Agents in order to enter the United States. Defendant unlawfully acquired the Permanent Resident Card for $50.00 and the Arizona driver's license

1 for $30.00 in Tijuana, Mexico. Defendant admitted he had been previously deported by an immigration
2 judge, and he had a prior felony conviction in Texas.

### B.    DEFENDANT'S IMMIGRATION HISTORY

Defendant is a citizen and national of Mexico. On October 28, 1997, Defendant was ordered excluded, deported, and removed from the United States to Mexico pursuant to an order issued by an immigration judge. On November 1, 2006, Defendant was ordered excluded, deported, and removed from the United States to Mexico pursuant to an order issued by an immigration judge. After the last time Defendant was lawfully ordered excluded, deported, and removed from the United States, there is no evidence in the reports and records maintained by the Department of Homeland Security that Defendant applied to the U.S. Attorney General or the Secretary of the Department of Homeland Security to lawfully return to the United States.

### C.    DEFENDANT'S CRIMINAL HISTORY

Defendant has a criminal history, and the United States, propounds that Defendant has eight criminal history points placing him in Criminal History Category IV. On April 19, 1996, Defendant was convicted of felony aggravated assault with a deadly weapon, to wit, a firearm, in violation of Texas Penal Code § 22.02(a)(2), and received a sentence of 6 years in prison. On October 26, 2006, Defendant was convicted of felony possession of a forged document, in violation of Arizona law, and received a sentence of 89 days in jail and 3 years probation.

## III

**THE UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS ALONG WITH MEMORANDUM OF POINTS AND AUTHORITIES**

### A.    MOTION TO COMPEL DISCOVERY

As of the date of this Motion, the United States has produced 83 pages of discovery and a DVD. The United States will continue to comply with its obligations under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), the Jenks Act (18 U.S.C. §3500 et seq.), and Rule 16 of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."). At this point the United States has received no reciprocal discovery. In view of the below-stated position of the United States concerning discovery, the United States respectfully requests the Court issue no orders compelling specific discovery by the United States at this time.

### 1. *Brady* Material

The United States has complied and will continue to comply with its obligations under Brady v. Maryland, 373 U.S. 83 (1963). Under Brady and United States v. Agurs, 427 U.S. 97 (1976), the government need not disclose "every bit of information that might affect the jury's decision." United States v. Gardner, 611 F.2d 770, 774-75 (9th Cir. 1980). The standard for disclosure is materiality. Id. "Evidence is material under Brady only if there is a reasonable probability that the result of the proceeding would have been different had it been disclosed to the defense." United States v. Antonakeas, 255 F.3d 714, 725 (9th Cir. 2001).

The United States will also comply with its obligations to disclose exculpatory evidence under Brady v. Maryland, 373 U.S. 83 (1963). Furthermore, impeachment evidence may constitute Brady material "when the reliability of the witness may be determinative of a criminal defendant's guilt or innocence." United States v. Blanco, 392 F.3d 382, 387 (9th Cir. 2004) (internal quotation marks omitted). However, the United States will not produce rebuttal evidence in advance of trial. See United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984).

### 2. Any Proposed 404(b) or 609 Evidence

The United States has complied and will continue to comply with its obligations under Rules 404(b) and 609 of the Federal Rules of Evidence ("Fed. R. Evid."). The United States has already provided Defendant with a copy of his criminal record, in accordance with Fed. R. Crim. P. 16(a)(1)(D).

Furthermore, pursuant to Fed. R. Evid. 404(b) and 609, the United States will provide Defendant with reasonable notice before trial of the general nature of the evidence of any extrinsic acts that it intends to use at trial. See FED. R. EVID. 404(b), advisory committee's note ("[T]he Committee opted for a generalized notice provision which requires the prosecution to appraise the defense of the general nature of the evidence of extrinsic acts. The Committee does not intend that the amendment will supercede other rules of admissibility or disclosure[.]").

### 3. Request for Preservation of Evidence

The United States will preserve all evidence pursuant to an order issued by this Court. The United States objects to an overbroad request to preserve all physical evidence.

//

### 4. **Defendant's Statements**

The United States has turned over a number of investigative reports, including those which disclose the substance of Defendant's oral statements made in response to routine questioning by United States' law enforcement officers. If additional reports by United States' agents come to light, the United States will supplement its discovery. The United States recognizes its obligations under Fed. R. Crim. P. 16(a)(1)(A) to disclose "the substance of any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement in trial." However, the United States is not required under Fed. R. Crim. P. 16 to deliver oral statements, if any, made by a defendant to persons who are not United States' agents. Nor is the United States required to produce oral statements, if any, voluntarily made by a defendant to United States' agents. See United States v. Hoffman, 794 F.2d 1429, 1432 (9th Cir. 1986); United States v. Stoll, 726 F.2d 584, 687-88 (9th Cir. 1984). Fed. R. Crim. P. 16 does not require the United States to produce statements by Defendant that it does not intend to use at trial. Moreover, the United States will not produce rebuttal evidence in advance of trial. See United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984).

### 5. **Tangible Objects**

The United States has complied and will continue to comply with Fed. R. Crim. P. 16(a)(1)(E) in allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy all evidence seized and/or tangible objects that are within the possession, custody, or control of the United States, and that are either material to the preparation of Defendant's defense, or are intended for use by the United States as evidence during its case-in-chief, or were obtained from or belongs to Defendant. The United States need not, however, produce rebuttal evidence in advance of trial. See United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984).

### 6. **Expert Witnesses**

The United States has complied and will continue to comply with Fed. R. Crim. P. 16(a)(1)(G) and provide Defendant with notice and a written summary of any expert testimony that the United States intends to use during its case-in-chief at trial under Fed. R. Evid. 702, 703, or 705.

//

### 7.    Witness Addresses

The United States objects to Defendant's request for witness addresses. There are no cases, nor any rule of discovery, that require the United States to disclose witness addresses. There is no obligation for the United States to provide addresses of witnesses that the United States intends to call or not call. Therefore, the United States will not comply with this request.

The United States will produce the names of witnesses it intends to call at trial. Defendant has already received access to the names of potential witnesses through the discovery sent to his counsel. The United States is not aware of any individuals who were witnesses to Defendant's offense except the law enforcement agentes who apprehended him. The names of these individuals have already been provided to Defendant.

### 8.    Jencks Act Material

The United States will fully comply with its discovery obligations under the Jencks Act. For purposes of the Jencks Act, a "statement" is (1) a written statement made by the witness and signed or otherwise adopted or approved by him, (2) a substantially verbatim, contemporaneously recorded transcription of the witness' oral statement, or (3) a statement by the witness before a grand jury. See 18 U.S.C. § 3500(e). Notes of an interview only constitute statements discoverable under the Jencks Act if the statements are adopted by the witness, as when the notes are read back to a witness to see whether or not the government agent correctly understood what the witness said. United States v. Boshell, 952 F.2d 1101, 1105 (9th Cir. 1991) (citing Goldberg v. United States, 425 U.S. 94, 98 (1976)). In addition, rough notes by a government agent "are not producible under the Jencks Act due to the incomplete nature of the notes." United States v. Cedano-Arellano, 332 F.3d 568, 571 (9th Cir. 2004).

Production of this material need only occur after the witness making the Jencks Act statements testifies on direct examination. See United States v. Robertson, 15 F.3d 862, 873 (9th Cir. 1994). Indeed, even material that is potentially exculpatory (and therefore subject to disclosure under Brady) need not be revealed until such time as the witness testifies on direct examination if such material is contained in a witness's Jencks Act statements. See United States v. Bernard, 623 F.2d 551, 556 (9th Cir. 1979). Accordingly, the United States reserves the right to withhold Jencks Act statements of any particular witness it deems necessary until after they testify.

**9.    Informants and Cooperating Witnesses**

Defendant incorrectly asserts that <u>Roviaro v. United States</u>, 353 U.S. 52 (1957), establishes a <u>per se</u> rule that the United States must disclose the identity and location of confidential informants used in a case. Rather, the Supreme Court held that disclosure of an informer's identity is required only where disclosure would be relevant to the defense or is essential to a fair determination of a cause. <u>Id.</u> at 60-61. Moreover, in <u>United States v. Jones</u>, 612 F.2d 453 (9th Cir. 1979), the Ninth Circuit held:

> The trial court correctly ruled that the defense had no right to pretrial discovery of information regarding informants and prospective government witnesses under the Federal Rules of Criminal Procedure, the Jencks Act, 18 U.S.C. § 3500, or <u>Brady v. Maryland</u>, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

<u>Id.</u> at 454. As such, the United States is not obligated to make such a disclosure, if there is in fact anything to disclose, at this point in the case.

That said, the United States is unaware of the existence of an informant or any cooperating witnesses in this case. The United States is also unaware of any agreements between the United States and potential witnesses. However, as previously stated, the United States will provide Defendant with a list of all witnesses which it intends to call in its case-in-chief at the time the United States' trial memorandum is filed, although delivery of such a list is not required. <u>See</u> <u>United States v. Dischner</u>, 960 F.2d 870 (9th Cir. 1992); <u>United States v. Mills</u>, 810 F.2d 907, 910 (9th Cir. 1987); <u>United States v. Culter</u>, 806 F.2d 933, 936 (9th Cir. 1986).

**10.    Viewing Defendant's A-File**

Defendant has made a specific request for an opportunity to view his A-File. Counsel for Defendant and the Assistant U.S. Attorney can arrange for a mutually convenient time for Defendant and his attorney to view the A-File. An order from the Court will not be necessary.

**11.    Residual Request**

As already indicated, the United States will comply with its discovery obligations in a timely manner.

**B.    MOTION FOR EAVE TO FILE FURTHER MOTIONS**

The United States does not oppose Defendant's request to file further motions if they are based on new discovery or other information not available to Defendant at the time of this motion hearing.

**IV**

**CONCLUSION**

For the foregoing reasons, the United States requests the Court deny Defendant's Motions to Compel Discovery and Leave to File Further Motions, unless unopposed.

DATED: January 16, 2008

                         Respectfully submitted,

                         KAREN P. HEWITT
                         United States Attorney

                         /s/ *Joseph J.M. Orabona*
                         JOSEPH J.M. ORABONA
                         Assistant United States Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal Case No. 07CR3471-JAH |
| ) | |
| Plaintiff, ) | |
| ) | **CERTIFICATE OF SERVICE** |
| v. ) | |
| ) | |
| RICARDO FLORES, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

IT IS HEREBY CERTIFIED that:

I, Joseph J.M. Orabona, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **THE UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS TO COMPEL DISCOVERY AND FOR LEAVE TO FILE FURTHER MOTIONS** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them:

Zandra Lopez, Esq.
427 C Street, Suite 300
San Diego, California 92101
Tel:   (619) 233-3169
Fax:   (619) 684-3522
Email: zll@zandralopezlaw.com
*Lead Attorneys for Defendant*

A hard copy is being sent to chambers.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 16, 2008.

/s/ *Joseph J.M. Orabona*
JOSEPH J.M. ORABONA
Assistant United States Attorney